CATHERINE E. HUEBER, complainant-respondent,

*v.*

VICTOR B. HUEBER, defendant-appellant.

[Argued October 28th, 1937.   Decided January 26th, 1938.]

*Mr. Abram A. Lebson,* for the complainant-respondent.

*Mr. Adolf L. Engelke,* for the defendant-appellant.

PER CURIAM.

The complainant-respondent wife filed her bill for separate maintenance against her husband, who answered and reserved the right to file a counter-claim for divorce.  There was a petition for alimony *pendente lite* and an order was made for

alimony *pendente lite* in the sum of $100 a month for the wife and $30 a month for the support of a minor child, Mildred Marion Hueber. Subsequently and on March 8th, 1937, the defendant-appellant counter-claimed for divorce on the ground of extreme cruelty. The matter was referred to Advisory Master Campbell who concluded that, inasmuch as the husband was seeking an absolute divorce by his counter-claim, his case should logically be heard first, because if he were successful on that, the bill of the wife for maintenance would necessarily fall.

Testimony was taken and a final decree entered as of June 7th, 1937, dismissing the husband's counter-claim and adjudging that the wife is entitled to and there should be paid to her the sum of $175 per month, $135 for her support and maintenance and $40 for the support and maintenance of the minor daughter.

The appellant challenges all of the decree. First he asserts that it was error to dismiss his counter-claim for divorce, but as to this we conclude that the advisory master properly decided that the husband was not subjected to conduct by the wife which amounted to extreme cruelty. The testimony is lengthy, but the outstanding facts are that the husband evidently grew tired of his family life and, by his own admissions, sought the society of other women. His wife complained of this, and it is apparent that there was considerable feeling in the home. So far as appears, the wife never charged him with adultery with any of the women. She merely said that he was going about with other women, and this seems to be abundantly established out of the mouth of the appellant himself. A reading of the testimony persuades us that the situation was one created in very large measure by the appellant himself and that his wife was not guilty of extreme cruelty.

In that situation, the appellant complains that his wife should have established that he deserted her and made no provision for her support before she would be entitled to a decree for maintenance. This view is not sound. It is true that the appellant gave his wife $100 a month, but because

he maintained her in a manner not in keeping with his financial ability is no reason why it should not be increased. Nor is the fact that the wife presented no testimony of any importance, because the appellant himself testified to his financial ability. He said that his income was somewhere between $5,500 and $6,000 a year. In that situation it seems not unreasonable to allow to the wife and dependent daughter approximately one-third of his income. The complaint of the appellant appears to be that his wife did not put on any proof and, therefore, she is not entitled to any relief. Obviously this is not so, because all that was necessary for the purposes of the decree was established out of the mouth of the appellant, and nothing was introduced to show that the needs of the wife and daughter were otherwise than as found by the advisory master.

Appellant also complains about the counsel fee allowed in the sum of $600 and says that this is wholly unwarranted in view of the work and labor involved. This allowance, in view of the labor involved, does not appear to us to be unreasonable.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, WELLS, RAFFERTY, JJ. 9.

*For modification*—HEHER, WOLFSKEIL, JJ. 2.